In re Mamie S. J. LANFORD, Debtor.

Mamie S. J. LANFORD, Plaintiff,

v.

NORTHWESTERN BELL TELEPHONE COMPANY, Defendant.

Bankruptcy No. 3-80-1586.
Adv. No. 80-325.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

March 19, 1981.

**130**

Ian Traquair Ball of Rasmussen & Ball, Minneapolis, Minn., for plaintiff-debtor.

Gregory A. Ludvigsen, Minneapolis, Minn., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JACOB DIM, Bankruptcy Judge.

Ian Traquair Ball of Rasmussen & Ball, Minneapolis, MN, appeared for plaintiff-debtor.

Gregory A. Ludvigsen, Minneapolis, MN, appeared for the defendant.

The above-entitled matter came on for trial on January 16, 1981 before the Honor-able Jacob Dim, Bankruptcy Judge. A stipulation of facts was agreed to by and between the parties and read into the record. Based on the stipulation and the arguments of counsel and all records and pleadings herein, the Court makes the following:

## FINDINGS OF FACT

It is hereby stipulated between the counsel for both parties in the above-entitled matter as to the following facts:

1. That on May 1, 1980, Mamie S. J. Lanford, Plaintiff, moved her place of residence from 610 North Chatsworth, St. Paul, to 966 Central Avenue, St. Paul, where she obtained telephone service in her name, telephone number 646–6305, from Northwestern Bell, Defendant.

2. That between May 1, 1980 and July 31, 1980, Mamie S. J. Lanford incurred telephone charges amounting to approximately $490.

3. That in July, 1980, Northwestern Bell disconnected telephone service to Mamie S. J. Lanford for nonpayment of her telephone bill.

4. That on September 15, 1980, Mamie S. J. Lanford filed a Chapter 13 plan with the United States Bankruptcy Court, St. Paul, Case No. 3–80–1586, including Northwestern Bell as an unsecured creditor.

5. That on September 26, 1980, as a condition of service reconnection, Mamie S. J. Lanford paid Northwestern Bell a deposit of $270 as assurance of future payment for telephone service, and that on September 26, 1980, Northwestern Bell restored telephone service to Mamie S. J. Lanford in her name, telephone number 646–6305.

6. That on November 26, 1980, Northwestern Bell filed a Proof of Claim, with the United States Bankruptcy Court in the amount of $515.41 for Mamie S. J. Lanford.

7. That in July 1980, Reginald A. Harris, a resident at 966 Central Avenue, St. Paul, requested and received telephone service in his name from Northwestern Bell, telephone number 644–2461.

8. That on August 26, 1980, Northwestern Bell disconnected telephone service to Reginald A. Harris for failure to pay telephone charges of approximately $101.34.

9. That subsequent to resumption of telephone service on September 26, 1980 to Mamie S. J. Lanford, Northwestern Bell requested that she pay telephone charges of $101.34 owed by Reginald A. Harris.

10. That on October 13, 1980, Northwestern Bell disconnected telephone service to Mamie S. J. Lanford.

11. That on October 17, 1980, by check no. 2895 drawn on Northwestern National Bank of St. Paul, Mamie S. J. Lanford paid Northwestern Bell $101.34.

12. That on October 17, 1980, Northwestern Bell restored telephone service to Mamie S. J. Lanford.

## CONCLUSIONS OF LAW

1. The issue presented by the complaint is the right of a utility to require payment by the debtor of a past due bill incurred by an individual occupying the same premises as the debtor or to terminate the utility service if such payment is refused by the debtor.

2. 11 U.S.C. § 366(a) provides that:
"[A] utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due."

3. Under regulations promulgated by the Public Service Commission of the State of Minnesota, the utility has a right to terminate service for delinquency of a previous customer if that customer continues to occupy the premises.

4. 11 U.S.C. § 362(a)(6) prohibits:
"any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

5. The defendant, Northwestern Bell Telephone Company, has taken the position that this case is not within the purview of either § 366 or § 362. The basis of its contention is that the debt was not incurred by nor owed by the debtor. The utility did not wish to collect the debt from the debtor nor to terminate service to the debtor, but, in order to prevent the other occupant of the premises from indirectly receiving the benefits of utility service without paying, it is necessary to prevent service to the premises until such bill is paid. See, *Siegel v. Minneapolis Gas Co.*, 271 Minn. 127, 135 N.W.2d 60 (1965) upholding such a rule.

6. However valid such a procedure may be outside of the jurisdiction of the bankruptcy court, once an individual has filed for relief under the Bankruptcy Code, the federal law must take precedence. U.S. Const. Art. 6, cl. 2.

7. Under § 362(a)(6), the utility or any entity is forbidden to collect any "claim" against the debtor. This section does not require that the claim be based on a debt incurred by the debtor. The only requirement is that the claim arose prior to the entry of the order for relief. The claim of the utility company clearly arose prior to the filing of the debtor's petition under Chapter 13. By requiring the debtor to pay such a claim, the defendant utility violated § 362(a)(6).

8. The termination of utility service until payment by the debtor of the bill of another occupying the same premises violated § 366(a). In effect the only condition which may be imposed by a utility before providing service post-petition is a deposit to ensure future performance as set forth in § 366(b). By imposing further conditions on the debtor, the utility, Northwestern Bell Telephone Company, violated § 366(a).

9. To the extent that the utility may under state law have a claim against the debtor for the unpaid bill of the other occupant, it must pursue the claim through the proper bankruptcy channels. It cannot impose the burden of collecting its debt against said occupant on the debtor. It has adequate resources in state law to collect

**132**

whatever moneys are owed to it from the party actually incurring the debt.

### ORDER

Now Therefore, IT IS ORDERED and ADJUDGED that the defendant, Northwestern Bell Telephone Company, shall, within 10 days, return to the debtor, Mamie S. J. Lanford, the sum of $101.34, together with interest from the date of this order.