In re Lenwood MATTHEWS, Jr., Debtor.

Lenwood MATTHEWS, Jr., Plaintiff,

v.

PHILADELPHIA GAS WORKS, Philadelphia Facilities Management Corporation, Defendant.

Bankruptcy No. 82–00472K.
Adv. No. 82–2816K.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 19, 1982.

Irv Ackelsberg, Philadelphia, Pa., for debtor/plaintiff.

John F. Egan, Philadelphia, Pa., for defendant.

James J. O'Connell, Philadelphia, Pa., standing trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion by the debtor to enjoin the Philadelphia Gas Works from refusing to provide the debtor with gas service at his home. The debtor resides at 2431 North 77th Avenue, Philadelphia. Ms. Dorothy L. Brown also resides at this address. The account with PGW is in Ms. Brown's name. The account has a history of delinquencies and breached payment agreements. On February 4, 1982, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. Although PGW is listed as a creditor for the

amount of the delinquencies, PGW does not assert a claim against the debtor. It was not until October 28, 1982 that the debtor sought to force PGW, through the filing of the instant complaint, to restore service to his residence. Service had been terminated in August because of Ms. Brown breaching an agreement to repay the delinquencies then outstanding.[1]

Although the debtor urges this Court to find that PGW has violated the automatic stay, no such violation is present. The stay only prevents creditors from enforcing pre-petition claims. 11 U.S.C. § 362(a)(6). In the case at bar, PGW has no claim against the debtor. The only claim which they assert is against Ms. Brown. The Court, therefore, finds that PGW has not violated the stay.

The debtor also asserts that PGW is in violation of § 366 of the Bankruptcy Code. This section provides as follows:

(a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

11 U.S.C. § 366. Subsection (a) prohibits a utility from refusing to provide service "... solely on the basis that a debt owed by the debtor ... was not paid when due." 11 U.S.C. § 366(a). The debtor alleges that

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 752 of the Rules of Bankruptcy Procedure.

PGW has flagrantly ignored this provision by refusing to continue service to the debtor's home. On the other hand, PGW asserts that § 366 does not apply to the case *sub judice*. The defendant argues that the debtor has no unpaid debt on their books. Indeed, he has no account at all. PGW, furthermore, asserts no claim against the debtor. Following PGW's reasoning, therefore, would lead the Court to conclude that § 366 is inapplicable to this case.

The debtor, however, argues that the reasoning expressed by the late Judge Dim of the Bankruptcy Court for the District of Minnesota is exactly on point. *In re Lanford,* 10 B.R. 129 (Bkrtcy.D.Minn.1981). In said case, the debtor filed a Chapter 13 petition on September 15, 1980. As required by § 366(b), she paid a deposit to the phone company within twenty (20) days of the filing. The utility, nevertheless, terminated her phone service because of the unpaid bill of another resident of the household. This individual had both a separate account and a separate phone number.

The situation at bar is factually distinct from the problem faced by the Court in *Lanford.* In the instant case, we are not faced with separate accounts. Instead, there is only a single account which has never been in the debtor's name. This debtor has no relationship whatsoever with PGW. The debtor, furthermore, has not taken the steps required by § 366(b) of the Bankruptcy Code in a timely fashion.

Pursuant to § 366(b), the debtor must provide the utility with adequate assurance of payment within twenty (20) days after the filing of the petition. 11 U.S.C. § 366(b). In the case at bench, nine (9) months have passed before the debtor commenced proceedings under § 366. The Court finds that the instant complaint was not filed within the time constraints provided by § 366.

The debtor has also urged this Court to consider the regulations of the Philadelphia Gas Works. There has been no showing, however, that the debtor has exhausted the administrative remedies provided in said regulations. Indeed, there is a paucity of authority concerning both the applicability and the provisions of said regulations. In the absence of appropriate authority, the Court will not enter a preliminary injunction.

The debtor had requested a preliminary injunction pending a final disposition of the case. The Court will enter an Order denying preliminary relief. In addition, the Court will enter an Order dismissing the complaint. As stated above, the debtor has no basis for relief under the Bankruptcy Code. The other issues raised by the debtor are not related to the instant proceeding under Title 11 of the United States Code. The Court, therefore, would abstain from hearing these matters pursuant to the authority granted in 28 U.S.C. § 1471(d).